UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID D. DILLON                                           CIVIL ACTION

VERSUS                                                    NO. 13-4769

SGT. JORDAN SILVA                                         SECTION "J"(4)

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

The plaintiff, David D. Dillon ("Dillon"), is an inmate incarcerated in Rayburn Correctional Center. He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Sgt. Jordan Silva of Rayburn Correctional Center complaining about an incident that occurred on April 8, 2013 at about 1:00 a.m. (R. Doc. 1). Dillon alleges that Sgt. Silva locked him up and then went into Dillon's cell to "shake down" his locker. *Id.* He alleges that as Sgt. Silva was

shaking his cell down, he poured throat spray[1] onto his clothes.  Dillon states that inmate Alvin Handy witnessed the occurrence.  He does not allege a personal injury but Dillon requests monetary compensation for the alleged damage to his clothes, court costs, and to return to the working cell block.

Dillon has also moved for leave to file an Amended Complaint in this action.  (R. Doc. 5).[2] Therein, Dillon reiterates his original allegations.  *See id.*  He also contends that he has "determined that the name of the defendant is Sgt. Jordan Silva." *Id.* at 1.  He also supplements his original factual allegations and alleges that in addition to spraying down his clothes, Silva turned off a television in Tier 2 while the NCAA Championship Game was on.  Silva and another individual, "Lt. D. Mingo," then gave Dillon "a direct verbal order" to put his hands behind his back because he was going to be locked up.  Jordan then shook Dillon's "box" down, and then poured the throat spray on Dillon's property, including his clothing.  *Id.*

## II.   Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of

---

[1] The Term throat spray is not defined.

[2] Dillon filed a motion to amend his Complaint on July 12, 2013.  (R. Doc. 5).  The Court will address Dillon's legal entitlement to filing his amended complaint below.

questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Motion for Leave to File Amended Complaint (R. Doc. 5)**

As noted above, Dillon has moved to file an amended complaint in this action, noting that there were additional allegations that were not included in the original complaint. He seeks to amend to allege that on April 8, 2013 at about 11:06 P.M. Sgt. Jordan Silva was making rounds down L-2 tier, when Dillon stopped him and inquired about why the T.V. was turned off during the NCAA game and also suggested that he should have a memo addressing this issue. Silva responded that he did not have a memo to which Dillon acknowledges telling Silva that he should look at the Rule Book.

Thereafter, Silva requested Dillon's identification to have it checked, he left the tier and came back with another deputy, Mingo. Silva thereafter gave Dillon a direct verbal order to put his hands behind his back because he was going to administrative segregation. Dillon alleges that Silva shook down his cell and then stopped on the side of the key in front of the closet and poured throat spray on all of Dillon's clothing. As a result, Dillon alleges that Silva should be required to pay for his clothing and court costs. He also seeks to be returned to his cell block.

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a)(2); *see Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic, and the decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 50 F.2d 663, 666 (5th Cir. 1981). "[I]t is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). In reviewing the proposed amended complaint, the Court finds that there has been no answer filed and no scheduling order in place such that the submission of the motion is not dilatory. Further, the Court finds that the proposed additions clarify the facts and as such the subject motion should be granted.

### B.     Damage to Property Claim

Dillon alleges that Sgt. Silva poured throat spray on his clothes and property during a "shake down" of his locker in his cell. (R. Docs. 1, 5). Dillon filed the subject suit seeking monetary damages, court costs, and a transfer to a working cell. Dillon does not allege that he was injured as a result of the occurrence of April 8, 2013.

Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In the instant case, Dillon has not alleged that he was injured or harmed in any way. Instead, he merely alleges that his clothing was damaged due to the use of the throat spray. Dillon allegations amount to a state law claim of an intentional act or negligence neither of which is cognizable under Title 42 U.S.C. § 1983. Therefore, the Court finds that his claims against the defendant, Sgt. Silva and should be dismissed pursuant to 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997(e)(1) as they are frivolous and fail to state a claim for which relief may be granted.

### C.     Transfer to Working Cell Block

In addition to the request for payment as a result of damage to his clothing, Dillon seeks to be transferred to a working cell block from administrative segregation. He does not set forth any legal theory that would warrant such a transfer.

It is well settled that the due process clause does not, by itself, give a prisoner a protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than in another. *See Meachum v. Fano*, 427 U.S. 215, 225

(1976). Further, a prisoner has no liberty interest in being housed in any particular facility where the state statute vests discretion to the state officials to carry out their official function. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *see also Yates v. Stalder*, 217 F.3d 332 (5th Cir. 2000).

In assessing Dillon's additional request, the Court is without authority to address the issue of transferring him from one cell to the other. The allegations suggest that he was placed in confinement due to a disciplinary infraction[3] which is the province of the prison officials. Further, he does not allege that he sought review of the decision to place him in confinement administratively. Consequently, the Court finds that the request to transfer him to a working cell block be denied.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Dillon's **Motion for Leave to File an Amended Complaint (R. Doc. 5)** be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Dillon's Title 42 U.S.C. § 1983 claims against Sgt. Jordan Silva be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e, for lack of subject matter jurisdiction, and for otherwise failing to state a claim upon which relief can be granted.

---

[3] Dillion is prohibited, however, from bringing his claims under § 1983 until he complies with the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim under § 1983 is barred until that conviction has been reversed on direct appeal, expunged by executive order or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction. *Heck*, 512 U.S. at 486-87477.
  A "conviction," for purposes of the *Heck* doctrine, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 6th day of September, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.